UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ABRAHAM ZWEIGENHAFT,

              Plaintiff,

        - against -

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC,

              Defendant.
------------------------------------------------------------------- x

MEMORANDUM & ORDER

14 CV 01074 (RJD) (JMA)

DEARIE, District Judge

       In this Fair Debt Collection Practices Act ("FDCPA") suit, defendant Receivables Performance Management, LLC ("RPM") left a voicemail on plaintiff Abraham Zweigenhaft's home phone and identified itself as a debt collector. Mr. Zweigenhaft's son heard the message and returned the call. The RPM representative asked if he was "Abra Zweigenhaft." Mr. Zweigenhaft claims that the voicemail and phone conversation violated the FDCPA's prohibition on third-party communications. 15 U.S.C. § 1692c(b). Each party has filed for summary judgment. To resolve the dispute, the Court must decide whether a voicemail stating that a call is from a debt collector coupled with a return phone call where the voicemail's intended recipient is disclosed to a third party is a violation of the FDCPA. I determine that it is not and grant summary judgment for defendant.

## BACKGROUND

       The facts are not in dispute. Abraham Zweigenhaft incurred a debt to Verizon Wireless, and Verizon enlisted RPM to collect the debt. See Rule 56.1 Statement ¶¶ 1–2. RPM called

Mr. Zweigenhaft and left the following voicemail:[1] "We have an important message from RPM. This is a call from a debt collector. Please call 1(866) 212-7408." Id. ¶ 6. Mr. Zweigenhaft's son heard the message and, on January 22, returned RPM's call. See Compl. ¶ 13. He then had the following conversation with an RPM representative:

> RPM: Thank you for calling Receivables Performance Management on a recorded line. This is Michelle how can I help you?
>
> Caller: Hi how are you? I received a message to call you, and I am just trying to figure out who you are trying to reach.
>
> RPM: Okay and your phone number please, area code first.
>
> Caller: (718) 258-9010
>
> RPM: And is this Abra?
>
> Caller: Is this who?
>
> RPM: Abra Zweigenhaft?
>
> Caller: Nope. It's not.
>
> RPM: Okay let me go ahead and take your phone number off the list. The last four digits again please. 9010 or 7032?
>
> Caller: 9010
>
> RPM: Okay I'll take it off the list. You have a nice day.
>
> Caller: Thank you.
>
> RPM: Uh huh, bye bye.

56.1 Statement ¶ 8.

---

[1] The parties do not assert in uncontested facts that RPM knew or had reason to know that the voicemail was used for multiple people.

Mr. Zweigenhaft contends that RPM's voicemail and telephone conversation with his son violated the FDCPA. RPM counters that it never communicated that Mr. Zweigenhaft owed a debt to a third party in the voicemail or telephone call and therefore did not violate the FDCPA.

## DISCUSSION

Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because the parties do not dispute any facts, the Court considers whether Mr. Zweigenhaft or RPM is entitled to judgment as a matter of law.

I begin with the FDCPA's provisions that relate to debt collectors' contact with third parties, keeping in mind the general principles of statutory interpretation. See, e.g., Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 108 (2d Cir. 2012). The FDCPA was enacted in 1977 to "eliminate abusive debt collection practices" and ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). "[D]isclosing a consumer's personal affairs to friends, neighbors, or an employer," is one of the abusive practices that the FDCPA aimed to eliminate. S. Rep. No. 95–382, at 2 (1977), 1977 U.S.C.C.A.N. 1695, 1696. To that end, the FDCPA sets forth regulations limiting debt collectors' ability to "communicate" with third parties when trying to collect a debt.

The FDCPA limits the definition of "communication" to "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). The general rule is that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer

3

reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b).

The FDCPA remains largely unchanged from its enactment in 1977. The statute does not address whether debt collectors may leave voicemail messages for debtors when trying to collect a debt, and, if so, the permissible content of these messages. Debt collectors have, however—and reasonably so in this Court's estimation—availed themselves of voicemail technology and leave debtors messages if they do not pick up the phone. The problem arises when third parties overhear the message. Because the FDCPA requires debt collectors to meaningfully identify themselves when telephoning a debtor, see 15 U.S.C. § 1692d(6), e(11), there is invariably some information in the message that hints at a debt being owed. As a result, debtors argue that the overheard message constitutes a third-party communication that violates the FDCPA.

Courts addressing whether overheard voicemails violate § 1692c(b) are divided into two main camps. See Zachary R. Cormier, When a Communication Is Not a "Communication": The Ever Growing Jurisdictional Split Regarding the Scope of Permissible Third Party Contacts Under the Fair Debt Collection Practices Act, 14 J. Bus. & Sec. L. 97 (2013). The majority focus on the FDCPA's goal of protecting consumers from abusive debt collection practices and hold that any third-party overheard voicemail left by a debt collector is a communication under the FDCPA. Therefore, if a third party overhears the message, no matter what the circumstances, the debt collector has violated § 1692c(b) regardless of the message's content. See, e.g., Marisco v. NCO Fin. Sys., Inc., 946 F. Supp. 2d 287 (E.D.N.Y. 2013); Foti v. NCO Fin. Sys., Inc., 424 F. Supp. 2d 643 (S.D.N.Y. 2006). However, other courts have focused on the FDCPA's curtailed definition of "communication" and taken a more limited view. Some have held that an overheard voicemail does not run afoul of § 1692c(b) unless it conveys some

4

"information regarding a debt." See, e.g., Marx v. Gen. Revenue Corp., 668 F.3d 1174, 1177 (10th Cir. 2011). And some have held that the FDCPA does not extend to inadvertent communications and "essentially immunize debt collectors from liability under 15 U.S.C. § 1692c(b) unless the debt collectors have 'reason to suspect' that a third party would overhear the message.'" Marisco, 946 F. Supp. 2d at 292 (citing Mostiller v. Chase Asset Recovery Corp., No. 09-CV-218, 2010 WL 335023 (W.D.N.Y. Jan. 22, 2010)).

This case is somewhat different from those addressing third-party voicemail communications because here there was both a voicemail that Mr. Zweigenhaft's son overheard and a follow-up telephone conversation between the son and RPM. Mr. Zweigenhaft's son received two pieces of information via these communications: he learned that a debt collector had called; and he learned that the call was for his father, plaintiff Zweigenhaft. The question is whether the content of the voicemail and phone call together conveyed information regarding a debt to Mr. Zweigenhaft's son.

Zortman v. J.C. Christensen & Associates, Inc. is a helpful starting point. 870 F. Supp. 2d 694 (D. Minn. 2012). In that case, the debt collector left a very similar voicemail on the plaintiff's cell phone: "We have an important message from J.C. Christensen & Associates. This is a call from a debt collector. Please call 866-319-8619." Id. at 696. The plaintiff's children accessed the voicemail and heard the message. The court held that the voicemail was not a "communication" as defined in the FDCPA because it "convey[ed] no more information than a hang-up call" would via caller id information. Id. at 706. The court distinguished the voicemail from messages that "also identified the intended recipient of the message, revealed that the intended recipient owes a debt, or both." Id. at 700. It reasoned that a third-party listener to JCC's message would have to make two key inferences before the message conveyed

5

information regarding a debt: (1) the third party would have to make the assumption that the plaintiff was the intended recipient; and (2) the third party would have to assume that the only reason a debt collector calls is to collect a debt. Id. at 704–05. As such, the content of the voicemail was too attenuated from conveying information about a debt to be considered a "communication" under the FDCPA.

Here, Mr. Zweigenhaft's son received the equivalent of a voicemail message that revealed that the caller was in the debt collection business and later identified the intended recipient of the message. Mr. Zweigenhaft would have us hold that this is enough to violate the statute, arguing that armed with the knowledge that RPM was a debt collector and that it was calling to speak with "Abra Zweigenhaft," his son had all of the tools to deduce that his father owed a debt.

The FDCPA is clearly out of touch with modern communication technology. Indeed, the Federal Trade Commission ("FTC"), the United States Government Accountability Office ("GAO"), at least one member of Congress, and the Bureau of Consumer Financial Protection ("CFPB") all recognize the statute's current shortcomings. In 2009, the FTC held a public workshop to evaluate the FDCPA and concluded that "the debt collection legal system needs to be reformed and modernized to reflect changes in . . . technology." FTC, Collecting Consumer Debts: The Challenges of Change i (2009). In 2009, the GAO issued a report to Congress addressing the need to update the FDCPA and noted the difficulties debt collectors face when trying to leave voicemails because of the statute's conflicting provisions. See GAO, GAO-09-748, Credit Cards: Fair Debt Collection Practices Act Could Better Reflect the Evolving Debt Collection Marketplace and Use of Technology 47–48 (2009). In 2012, Congressman Barney Frank introduced a bill that would exempt debt collectors from liability when leaving voicemail

messages if they followed certain regulations to be prescribed by the CFPB. See Fair Debt Collection Practices Clarification Act of 2012, H.R. 4101, 112th Cong. (2012). The bill was not enacted, but in 2013, the CFPB[2] issued a notice of proposed rulemaking, seeking comments on whether debt collectors should be allowed to use voicemail messages to contact debtors, and, if so, what the content of those messages should be. See Advance Notice of Proposed Rulemaking, 12 C.F.R. Pt. 1006 (Nov. 5, 2013), available at http://files.consumerfinance.gov/f/201311_cfpb_anpr_debtcollection.pdf.

Even as the statute currently stands, Mr. Zweigenhaft's argument cannot pass muster in light of the overall purpose of the FDCPA: to protect consumers from abusive debt collection practices and to do so "without imposing unnecessary restrictions on ethical debt collectors." S. Rep. No. 95–382, at 1. The statute instructs us on what abusive practices look like: "use or threat of use of violence"; "use of obscene or profane language"; publishing lists of consumers who refuse to pay debts; "[c]ausing a telephone to ring . . . repeatedly or continuously with intent to annoy, abuse or harass"; and, ironically, "the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d.

To hold that RPM's actions violated the statute would place an undue restriction on an ethical debt collector in light of our society's common use of communication technology. RPM left Mr. Zweigenhaft one voicemail message, providing the minimum amount of information to remain compliant with the FDCPA and protect his privacy. See 15 U.S.C. § 1692d(6), e(11). As for the follow-up telephone conversation (which Mr. Zweigenhaft's son initiated), the RPM representative only mentioned Mr. Zweigenhaft's name after verifying that someone was calling from his number; and as soon as she learned that Abra Zweigenhaft was not the caller, she

---

[2] The CFPB has authority to issue substantive rules for debt collection under the FDCPA.

7

volunteered to take the number off RPM's list and wished him a good day. She never mentioned Mr. Zweigenhaft owed a debt, never disclosed information about any debt, and an audio review of the conversation shows that she was thoroughly professional and courteous.

Allowing debt collectors to leave voicemail messages when trying to collect a debt is in the interest of debtors and debt collectors alike. The alternative is numerous, harassing hang-up phone calls that are a nuisance to the debtor and ineffective for the debt collector. Zortman, 870 F. Supp. 2d at 706–07. Faulting debt collectors for ensuring that they are speaking to the correct individual when they receive a return call is similarly unappealing. Indeed, that practice protects debtors' privacy interests. Mr. Zweigenhaft argues that RPM should have asked "who is calling" rather than "is this Abra Zweigenhaft." But individuals may be hesitant to disclose their identity to a debt collection company, so this approach has limitations as well. It is not for this Court to delineate the specific requirements debt collectors must adhere to when utilizing voicemail technology. But here, RPM acted with care and caution to protect Mr. Zweigenhaft's privacy, while availing itself of widely used technology to contact him. It defies common sense and the purpose of the FDCPA to categorize its actions as violating the statute.

## CONCLUSION

For the foregoing reasons, defendant's summary judgment motion is granted; and plaintiff's summary judgment motion is denied.

SO ORDERED.

Dated: Brooklyn, New York
      November 13, 2014

                                                /s/ Judge Raymond J. Dearie

                                                RAYMOND J. DEARIE
                                                United States District Judge